UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
DOCKETING STATEMENT--CIVIL/AGENCY CASES

**Directions:** Counsel must make a **docketing statement (civil/agency) filed** entry in CM/ECF within 14 days of docketing of the appeal, or within the due date set by the clerk's docketing notice, whichever is later. File with the entry the (1) docketing statement form with any extended answers and (2) any transcript order form. Parties proceeding pro se are not required to file a docketing statement. Opposing counsel who finds a docketing statement inaccurate or incomplete may file any objections within 10 days of service of the docketing statement using the ECF event-**docketing statement objection/correction filed**.

| **Appeal No. & Caption** | 13-1877 |
|---|---|
| **Originating No. & Caption** | 2:11-cv-962 |
| **Originating Court/Agency** | USDC-WV Southern District |

| **Jurisdiction** (answer any that apply) | | |
|---|---|---|
| Statute establishing jurisdiction in Court of Appeals | 28 USCA 1291 | |
| Time allowed for filing in Court of Appeals | 30 | |
| Date of entry of order or judgment appealed | 6/11/2013 | |
| Date notice of appeal or petition for review filed | 7/9/2013 | |
| If cross appeal, date first appeal filed | | |
| Date of filing any post-judgment motion | | |
| Date order entered disposing of any post-judgment motion | | |
| Date of filing any motion to extend appeal period | | |
| Time for filing appeal extended to | | |
| Is appeal from final judgment or order? | ○ Yes | ⦿ No |
| If appeal is not from final judgment, why is order appealable?<br>Denial of qualified immunity is recoverable on | | |

| **Settlement** (The docketing statement is used by the circuit mediator in pre-briefing review and mediation conducted under Local Rule 33. Counsel may make a confidential request for mediation by calling the Office of the Circuit Mediator at 804-379-4071.) | | |
|---|---|---|
| Is settlement being discussed? | ○ Yes | ⦿ No |

01/30/2013
SCC

| **Transcript** (transcript order must be attached if transcript is needed and not yet on file) | | |
|---|---|---|
| Is transcript needed for this appeal? | ○ Yes | ⊙ No |
| Has transcript been filed in district court? | ○ Yes | ⊙ No |
| Is transcript order attached? | ○ Yes | ⊙ No |

| **Case Handling Requirements** (answer any that apply) | | |
|---|---|---|
| Case number of any prior appeal in same case | n/a | |
| Case number of any pending appeal in same case | n/a | |
| Identification of any case pending in this Court or Supreme Court raising similar issue | | |
| | If abeyance or consolidation is warranted, counsel must file an appropriate motion. | |
| Is expedited disposition necessary? | ○ Yes | ⊙ No |
| | If yes, motion to expedite must be filed. | |
| Is oral argument necessary? | ⊙ Yes | ○ No |
| Does case involve question of first impression? | ○ Yes | ⊙ No |
| Does appeal challenge constitutionality of federal or state statute in case to which federal or state government is not a party | ○ Yes | ⊙ No |
| | If yes, notice re: challenge to constitutionality of law must be filed. | |

**Nature of Case** (Nature of case and disposition below. Attach additional page if necessary.)

On December 1, 2008, police officers were searching for Stephen Krein in order to serve a warrant for Krein's arrest for attempting to run over a West Virginia State Police Trooper. Appellant, West Virginia State Police Trooper L.W. Price ("Trooper Price"), had previously interacted with Krein, so Trooper Price was well aware of the fact that Krein used violence against law enforcement officers and others. And, of course, Trooper Price knew about the incident just a few days earlier, which formed the basis for the warrant for Krein's arrest, when Krein had attempted to run over another trooper while fleeing.

Trooper Price observed Krein parked in his truck at a small, rural general store. Krein's truck was backed in near a kerosene pump facing toward a county road, with the store to the right and behind Krein's vehicle and three gas pumps to the right and in front of Krein's vehicle. Trooper Price, who was traveling with Trooper S.W. Snyder, pulled his police cruiser at an angle, with the passenger side of the cruiser facing Krein's front bumper, in an attempt to capture Krein. Trooper Price's vehicle was 5 or 6 feet in front of Krein's vehicle, with the front of Trooper Price's vehicle being in the immediate vicinity of the three gas pumps that were to Krein's right.

**Issues** (Non-binding statement of issues on appeal.  Attach additional page if necessary)

The district court dismissed most of Krein's claims.  The court, however, denied Defendants' motion for summary judgment on the remaining Fourth Amendment excessive force claim and two related state-law claims.  The district court cited Waterman v. Batton, 393 F.3d 471 (4th Cir. 2005), discussing force in the context of a moving vehicle.  But the district court then erroneously required that in order for a police officer's application of force to be reasonable, that officer's actual, subjective motivation must have been to defend himself.  See, e.g., Mem. Order & Op. Dkt. #81 ("Order") at 13 (adopting Plaintiff's argument that Trooper Price has "a 'preoccupation with Plaintiff's attempt to escape capture' " and disallowing qualified immunity because of the possibility that "a desire to prevent a similar escape rather than the fear of harm motivated Trooper Price's actions" (emphasis added));  id. at 16 (denying qualified immunity because "Trooper Price, caught in the excitement of the encounter, fired the second shot simply to prevent Krein from again evading his arrest").  As this Court has made clear, however, the sole issue is "whether the officer's actions are 'objectively reasonable' in light of the facts and circumstances confronting him, without regard to his own subjective intent or motivation."  Martin v. Gentile, 849 F.2d 863, 869 (4th Cir. 1988).  Furthermore, the district court ignored the fact that at the only point relevant to the constitutional inquiry—i.e., the moment when Trooper Price, reacting to the rapidly developing circumstances, formed the intent to fire his weapon in self defense, and not the later moment when the bullet finally left the gun—Trooper Price was still in the path of Krein's moving truck, as demonstrated by all of the evidence.  Finally, the district court erred in denying qualified immunity based on the conclusion that "[b]oth troopers could be found able to avoid the path of the truck", Order at 15-16, as that is precisely the type of Monday morning quarterbacking that qualified immunity forbids.  See, e.g., Untalan v. City of Lorain, 430 F.3d 312, 315 (6th Cir. 2005) ("Within a few seconds of reasonably perceiving a sufficient danger, officers may use deadly force even if in hindsight the facts show that the persons threatened could have escaped unharmed.").

**Adverse Parties** (List adverse parties to this appeal and their attorneys; provide party's address if the party is not represented by counsel.  Attach additional page if necessary.)

| | |
|---|---|
| Adverse Party: Stephen S. Krein | Adverse Party: |
| Attorney: Michael T. Clifford, Esq.<br>Address: 723 Kanawha Boulevard, East<br>Union Building, Suite 1200<br>Charleston, WV 25301 | Attorney:<br>Address: |
| E-mail: | E-mail: |
| Phone: | Phone: |

**Adverse Parties (continued)**

| | |
|---|---|
| Adverse Party: | Adverse Party: |
| Attorney:<br>Address: | Attorney:<br>Address: |
| E-mail: | E-mail: |
| Phone: | Phone: |

| **Appellant** (Attach additional page if necessary.) ||
|---|---|
| Name: <br><br> Attorney: <br> Address: <br><br><br><br> E-mail: <br><br> Phone: | Name: <br><br> Attorney: <br> Address: <br><br><br><br> E-mail: <br><br> Phone: |
| **Appellant (continued)** ||
| Name: <br><br> Attorney: <br> Address: <br><br><br><br> E-mail: <br><br> Phone: | Name: <br><br> Attorney: <br> Address: <br><br><br><br> E-mail: <br><br> Phone: |

**Signature:** /s/ Michael D. Mullins          **Date:** 7/24/2013

**Counsel for:** Trooper L.W. Price, individually and in his official capacity

**Certificate of Service**: I certify that on ___7/24/2013___ the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below (Attach additional page if necessary):

| | |
|---|---|
| Michael T. Clifford, Esquire <br> Richelle Garlow, Esquire <br> 723 Kanawha Boulevard, East <br> Union Building, Suite 1200 <br> Charleston, WV 25301 | |

Signature: /s/Michael D. Mullins          Date: 7/24/2013